Henderson, Chief-Justice.
 

 The receipt given by the defendant to
 
 Simonton,
 
 contains a promise to account with him, if the sum received by the defendant exceeded that due by
 
 Simonton.
 
 We will leave out of the question what would be the effect of a long delay on the part of
 
 Simonton,
 
 and his then by his own motion without the co-operation of the defendant, fixing the amount of these claims, and demanding the balance according to the terms of the receipt. I say it is unnecessary to examine such a case with respect to the statute of limitations, for this is a very different one. So far from the adjustment of those claims, and the proof of the fact that .they fall short of the defendant’s accountable receipt, being the sole act of
 
 Simonton
 
 or his executors, they were forced on his executors by the active agency of the defendant, who was a plaintiff in the petition for an adjustment of the accounts, and brings to view by his act, the fact which shews conclusively the amount of his claim on
 
 Heart’s
 
 estate, viz: by an award of an arbitrator of his own choosing, according to which, a judgment was entered in the suit, wherein the defendant was one of the plaintiffs, and the present plaintiffs were defendants; which judgment stands in full form. After this can the defendant say that a cause of action did not accrue upon that receipt within three years next before the
 
 *423
 
 bringing of the action, when it was brought within a few months after the confirmation of the award? I disregard all that was said about the effects of agreeing to submit, upon
 
 Heart’s
 
 estate, to arbitration. It is sufficient to state, that in this case there is a promise to pay, should the sum mentioned in the receipt exceed the- defendant’s interest in that estate, and that has been ascertained by the defendant. When it was thus ascertained, the present cause of action arose*
 

 Per Curiam — Judgment apfirmed.